**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NICK PAGE

     Plaintiff,

                             CIVIL ACTION

                             FILE NO.8:13-cv-02861

v.


WELLS FARGO HOME MORTGAGE INC.

     Defendant.
_____/



**AMENED COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

**I. PRELIMINARY STATEMENT**

     This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against

Defendant for violations of the Telephone Consumer
Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et
seq.

In simple terms, Plaintiff claims that Defendant
called Plaintiff's cell phone, including his cell phone
number 727-422-5598, which is serviced by AT&T during
the year 2013, and that Defendant made those calls
repeatedly, with an auto-dialer.

## II. PARTIES

1. Plaintiff is a natural person residing in Pinellas
   County, Florida.

2. Defendant is a foreign for profit engaged in
   consumer debt collections.

3. Defendant was attempting to collect an alleged but
   unsubstantiated debt against Plaintiff, which gives
   rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28
   U.S.C.  1331

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers.

See, 47 U.S.C.  227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual

monetary loss from such a violation, or

to receive $500 in damages for each such

violation, whichever is greater,  or

(C) both such actions.

If the court finds that the defendant willfully or
knowingly violated this subsection or the regulations
prescribed under this subsection, the court may, in its
discretion, increase the amount of the award to an
amount equal to not more than 3 times the amount
available under subparagraph (B) of this paragraph. 47
U.S.C.  227 (b)(3).

### V. FACTUAL ALLEGATIONS

10.  On approximately, September 8, 2013 the
Plaintiff's specifically told the Defendant that all
future communications MUST be done in writing and to
stop calling his cell phone and to stop calling his
employer, thereby revoking any express consent the
Defendant had, if any.

11.   Defendant continued to call the Plaintiff's cell phone and continued to call Plaintiff's employer intentionally, in total disregard of Plaintiff's directive.

## VI. TCPA VIOLATIONS

12.   Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13.   The actions of the Defendant individually and collectively violated the TCPA.

14.   By the Defendant calling the Plaintiff's phone without express consent and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 27 U.S.C.  227

15.   By the Defendant calling the Plaintiff's phone without consent and expressly against the directive that Plaintiff issued to Defendant, Defendant violated the TCPA.  27 U.S.C.  227

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)     Statutory damages pursuant to TCPA 47  U.S.C. 227 (b)(3);

(2)     Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3)     Fair and reasonable costs of this action, court costs and attorney's fees;

(4)     Injunctive relief;

(5)     Such other and further relief that the Court deems just and proper.

**s/W. John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

## CERTIFICATE OF SERVICE

THE FOREGOING HAS BEEN FILED WITH THE COURT'S ELECTRONIC FILING SYSTEM WHICH WILL SEND A TRUE AND ACCURATE COPY OF THE FOREGOING TO OPPOSING COUNSEL AT: switmeyer@carltonfields.com ON JANUARY 14, 2014.

**s/W. John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com